J-S31019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| UC TWISTER, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SOFT PRETZEL FRANCHISE | : | |
| SYSTEMS, INC. AND RONALD HEIL | : | |
| | : | No. 348 EDA 2018 |
| | : | |
| APPEAL OF: SOFT PRETZEL | : | |
| SYSTEMS, INC. | : | |

Appeal from the Order Entered December 15, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  July Term, 2017, No. 03995

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:             **FILED JUNE 12, 2018**

Soft Pretzel Franchise Systems, Inc. (Soft Pretzel) appeals from the trial court's order, entered in the Court of Common Pleas of Philadelphia, denying its petition to compel mediation and arbitration.[1]  After careful review, we affirm.

On May 22, 2006, UC Twister, LLC (UC) and Soft Pretzel entered into a factory franchise agreement (Franchise Agreement) that granted UC the right to operate a Philly Pretzel Factory franchise at 3734 Spruce Street, Philadelphia, Pennsylvania.  The Franchise Agreement contained the following, relevant provisions:

---

[1] This order is appealable as of right.  *See* Pa.R.A.P. 311(a)(8).

16.2.2. **Mediation.**  At [Soft Pretzel's] option, **all claims or disputes between [UC Twister] and [Soft Pretzel]** or [Soft Pretzel's] affiliates arising out of, or in any way relating to, this Agreement or any other agreement by and between [UC Twister] and [Soft Pretzel] or [Soft Pretzel's] affiliates, or any of the parties' respective rights and obligations arising from such agreement **must be submitted first to mediation, in Philadelphia County, Pennsylvania** under the auspices of the American Arbitration Association ("AAA"), in accordance with AAA's Commercial Mediation Rules then in effect.  Before commencing any legal action against [Soft Pretzel] or [its] affiliates with respect to any such claim or dispute, [UC Twister] must submit a notice to [Soft Pretzel], which specifies, in detail, the precise nature and grounds of such claim or dispute.

\*     \*     \*

16.2.3. **Arbitration.  Except as otherwise provided in this Agreement, all disputes and claims relating to this Agreement or any other agreement entered into <u>between the parties</u>**, the rights and obligations of the parties, or any other claims or causes of action relating to the making, interpretation, or performance of either party under this Agreement, **shall be settled by arbitration** in Philadelphia County, Pennsylvania, in accordance with the Federal Arbitration Act and the Commercial Arbitration Rules of the American Arbitration Association ("AAA").

Franchise Agreement, 5/22/06, at §§ 16.2.2-.2.3 (emphases added).

Under the Franchise Agreement, UC was also granted an exclusive right of first refusal to enter into another franchise agreement to open a Philly Pretzel Factory at Amtrak's 30th Street Station.  On April 4, 2016, Ronald Heil entered into an agreement (April Agreement) with UC, whereby UC agreed to sell Heil its right of first refusal for the 30th Street pretzel location for $115,000.00.[2]  The April Agreement contained a "Governing Law" provision

_____

[2] The purchase price was subsequently modified to $103,000.00.

- 2 -

providing that "[t]he Parties irrevocably and unconditionally acknowledge and agree that any proceeding arising out of or from, in connection with or *as a result of this Agreement or any of the transactions contemplated hereby* shall be brought exclusively in the courts of Philadelphia County[.]" April Agreement, 4/4/16, at ¶ 5 (emphasis added).

Pursuant to the April Agreement, UC and Heil agreed to make Soft Pretzel an escrow agent for the purchase funds. *Id.* at ¶ 1(c). Under the April Agreement, if Amtrak awarded Heil the bid/right to enter lease negotiations for the 30th Street location, Heil was to notify UC and Soft Pretzel within twenty-four hours and Soft Pretzel would release the funds to UC. *Id.* at ¶ 1(g). On September 8, 2016, Heil was awarded the right to open a Philly Pretzel Factory at Amtrak's 30th Street Station. Accordingly, UC demanded the release of the escrowed funds. Soft Pretzel, however, requested UC execute a release confirming that UC sold its right of first refusal to Heil and acknowledge that Soft Pretzel released the purchase price. When UC refused to sign the document and Soft Pretzel continued to withhold payment of the funds, UC instituted the underlying lawsuit, on August 4, 2017, against Soft Pretzel and Heil seeking, among other things, recovery of the purchase price. On September 14, 2017, Soft Pretzel sent UC a check for the full purchase price. The parties, however, continue to dispute payment of statutory interest on the purchase price.

On September 5, 2017, Heil filed preliminary objections claiming insufficiency in pleading; UC filed an amended complaint on September 26,

2017. On October 27, 2017, Soft Pretzel filed preliminary objections to UC's amended complaint; UC filed a second amended complaint. On November 16, 2017, Soft Pretzel filed preliminary objections to UC's second amended complaint seeking to have the court order the parties to mediate the dispute and, if unsuccessful, to have the matter arbitrated.

On November 20, 2017, Soft Pretzel filed a petition to compel mediation and arbitration. After UC filed a response to Soft Pretzel's preliminary objections and a motion opposing its petition to compel mediation/arbitration, the trial court entered an order dismissing the petition to compel. In its Pa.R.A.P. 1925(a) order, the trial court explained its ruling in a footnote:

> It is quite obvious that the controversy in the instant case arose from the April 4th agreement and not the Franchise Agreement. As a result, the choice of forum is governed by the terms of the April 4th agreement – which makes no mention of mediation and/or arbitration. Further, it appears that the parties are fighting over the payment of statutory interest, as the principal amount due has been paid. It might be advisable for the parties to meet with a Judge *Pro Tem* to resolve this matter in a cost-effective and expeditious manner. Alternatively, due to the amount in controversy, the arbitration program may be a more appropriate forum to resolve this case.

Pa.R.A.P. 1925 Order, 12/15/17, at n.1 (italics added). Soft Pretzel filed a timely notice of appeal, raising the following issues for our consideration:

> (1) Whether the lower court committed reversible error by failing to compel mediation and, if necessary, arbitration where the parties' Franchise Agreement contains provisions requiring the parties to first mediate and, if unsuccessful, to arbitrate "all disputes and claims relating to [the Franchise Agreement] or any other agreement entered into between the parties[.]"
>
> (2) Whether the lower court committed reversible error in denying [the petition] to compel arbitration because the dispute

is related to or arises from the Franchise Agreement and/or any other agreement (i.e.[,] the oral agreement to act as the escrow agent) between appellant and appellee.

Appellant's Brief, at 4.

Soft Pretzel argues that the underlying dispute concerns its obligations to UC under an oral escrow agreement. More specifically, it claims the oral escrow agreement is within the scope of the broadly worded Franchise Agreement, and, thus is controlled by the Franchise Agreement[3] and the parties are compelled to mediate/arbitrate the instant legal dispute. We disagree.

Under the Franchise Agreement, "all claims or disputes *between UC and Soft Pretzel*" relating to the Franchise Agreement or any other agreement between UC and Soft Pretzel are first to be submitted to mediation and then, if unsuccessful, to arbitration. The language in the Franchise Agreement clearly indicates that the disputes and claims relate *to the parties to the Agreement*, not third-party, non-affiliates, like Heil. **See** Franchise Agreement, 5/22/06, at ¶ 16.2.2. (emphasis added) ("all claims and disputes

---

[3] A franchise agreement is a contract to be interpreted under contract principles. **Mace v. Atlantic Refining Marketing Corp.**, 785 A.2d 491, 496 (Pa. 2001). In interpreting the language of a contract, a court attempts to ascertain the intent of the parties and give it effect. **LJL Transp., Inc. v. Pilot Air Freight Corp.**, 962 A.2d 639, 647 (Pa. 2009) (citation omitted). "When the words of an agreement are clear and unambiguous, the intent of the parties is to be ascertained from the language used in the agreement, which will be given its commonly accepted and plain meaning." **Id.** (citations omitted). Additionally, in determining the intent of the contracting parties, all provisions in the agreement will be construed together and each will be given effect. **Murphy v. Duquesne Univ.**, 777 A.2d 418, 429 (Pa. 2001).

**between UC Twister and Soft Pretzel** . . . relating to this Agreement or any other agreement by **and between UC Twister and Soft Pretzel**[.]"); **id.** at ¶ 16.2.3 (emphasis added) ("all disputes and claims relating to this Agreement or any other agreement **entered into between the parties** . . . shall be settled by arbitration[.]").

By contrast, the April Agreement establishes Soft Pretzel's role as escrow agent with regard to the Heil-UC right of first refusal for the 30th Street location.  Specifically, the April Agreement states that the purchase price "shall be made in certified bank check or money order to Soft Pretzel Franchise Systems, Inc. ("SPFS") upon execution of Agreement and shall be held in escrow until the contingency below is satisfied."  April Agreement, 4/4/16, at ¶ 1(c).  Moreover, pursuant to the April Agreement, "the Parties irrevocably and unconditionally acknowledge and agree that *any proceeding arising out of or from, in connection with or as a result of this Agreement or any of the transactions contemplated hereby*, shall be brought exclusively in the courts of Philadelphia County[.]"  **Id.** at ¶ 5 (emphasis added).

We agree with the trial court that the April Agreement encompasses the underlying issue in this lawsuit – namely, the dispute regarding Soft Pretzel's failure to tender the statutory interest on the escrowed purchase monies for Heil's 30th Street soft pretzel franchise; the lawsuit is not based upon the franchisor-franchisee relationship between Soft Pretzel and UC set forth in the Franchise Agreement.  While Soft Pretzel may not be a named party to the April Agreement, the instant dispute clearly "aris[es] out of or from, in

- 6 -

connection with or [i]s a result of th[e April] Agreement or any of the transactions contemplated" by it where Soft Pretzel is named as the escrow agent. Accordingly, the trial court properly denied the petition to compel. The action was properly brought in the Philadelphia Court of Common Pleas in accordance with the clear language of the April Agreement's "Governing Law" provision. ***LJL Transp., Inc.***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/18